UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE GRAY-GARRIGUS,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00706-JDP (PC)<br><br>ORDER:<br><br>(1) DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS ERIK MARGRINI, RANDALL, AND MARLAR<br><br>(2) DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ECF No. 9<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT SHASTA COUNTY JAIL BE DISMISSED |

Plaintiff Billy Joe Gray-Garrigus alleges that defendants Erik Margrini, Randall, and Marlar violated his Eighth Amendment rights by forcing him to share a jail cell with an inmate who they knew, or should have known, was COVID-positive. ECF No. 9 at 3-4. As a result, plaintiff contracted the disease. *Id.* at 3. These allegations state, for screening purposes, a cognizable deliberate indifference claim. I recommend dismissing defendant Shasta County Jail, however, insofar as it is not named in the amended complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, in February of 2021, he was housed at the Shasta County Jail. ECF No. 9 at 4. He claims that defendants, all of whom are supervisory staff at the jail, knowingly housed him with an inmate named Wooley who had told jail staff that he was COVID positive. *Id.* at 3. As a result of being housed with Wooley, plaintiff contracted COVID. *Id.* This allegation is sufficient to state a Fourteenth Amendment[1] deliberate indifference claim. As stated above, the Shasta County Jail should be dismissed as a defendant because plaintiff has elected not to include it in his amended complaint.

Accordingly, it is ORDERED that:

1. Service is appropriate for defendants Erik Margrini, Randall, and Marlar, all of whom were, at the times relevant to this complaint, employed by Shasta County. If service is successful, this case will proceed on plaintiff's Fourteenth Amendment medical deliberate indifference claim against these defendants.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.    one completed summons for the defendants;

    b.    three completed USM-285 forms; and

    c.    four copies of the signed June 7, 2021 complaint.

3. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

4. The failure to comply with this order may result in the dismissal of this action.

5. The Clerk of Court shall assign a district judge to this action.

---

[1] It appears that plaintiff was, at the time, a pre-trial detainee. If that is the case, his claim falls under the Fourteenth Amendment rather than the Eighth. *See Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002).

Further, it is RECOMMENDED that defendant Shasta County Jail be dismissed without prejudice because it was not named in the operative complaint and no claim has been stated against it.

This recommendation will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court.  Any such written objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    October 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE GRAY-GARRIGUS, | No 2:21-cv-00706-JDP (PC) |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| SHASTA COUNTY JAIL, *et al.*, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby submits:

      <u>  1  </u>    completed summons form

      <u>  3  </u>    completed forms USM-285

      <u>  4  </u>    signed copies of the June 7, 2021 complaint